**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., | |
| Plaintiff, | Civil Action No. 6:21-cv-1056-ADA |
| v. | **<u>JURY TRIAL DEMANDED</u>** |
| SOUTHSIDE BANK, *et al.* | |
| Defendants. | |

**<u>U.S. BANCORP'S AND U.S. BANK NATIONAL ASSOCIATION D/B/A ELAN
FINANCIAL SERVICES' MOTION TO DISMISS FOR IMPROPER VENUE</u>**

# <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

I.     Textile added the U.S. Bank Defendants to an already pending lawsuit but failed to establish venue................................................................................2

II.    *TC Heartland* and its progeny set forth the applicable legal standard for establishing proper venue under 28 U.S.C. § 1400(b) ....................................3

III.   Venue is improper as to the U.S. Bank Defendants........................................6

     A.    Venue is improper as to U.S. Bancorp – it has no regular and established place of business in this District. ...........................................6

     B.    Venue is improper as to U.S. Bank – it has no regular established place of business in this District. ................................................................8

          1.    U.S. Bank does not own, lease, or rent any portion of the Loan Officers' homes.........................................................................9

          2.    U.S. Bank did not play a part in selecting the location of these Loan Officers' homes and does not store inventory or conduct demonstrations there.................................................................9

          3.    U.S. Bank does not condition employment or support of the Loan Officers on the maintenance of a location in this District. ...................10

          4.    U.S. Bank does not market or advertise the Loan Officers' homes as its place of business. ..........................................................11

IV.   Conclusion ................................................................................................ 14

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC,*
    878 F. Supp. 2d 779 (S.D. Tex. 2012) ..................................................................................6

*Bel Power Sols., Inc. v Monolithic Power Sys., Inc.,*
    No. 6:21-CV-655-ADA, 2022 WL 2161056 (W.D. Tex. June 15, 2022) ...............................9

*Blue Spike, LLC v. Nook Dig., LLC,*
    No. 6:16-CV-1361-RWS-JDL, 2017 WL 3263871 (E.D. Tex. July 28, 2017) .......................7

*Celgene Corp. v. Mylan Pharma. Inc.,*
    17 F.4th 1111 (Fed. Cir. 2021) ................................................................................9, 10, 13

*Correct Transmission LLC v. ADTRAN, Inc.,*
    No. 6:20-CV-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021) ..........................10

*In re Cray Inc.,*
    871 F.3d 1355 (Fed. Cir. 2017)..................................................................................4, 8, 9, 13

*Gardemal v. Westin Hotel Co.,*
    186 F.3d 588 (5th Cir. 1999) .................................................................................................7

*Gesture Tech. Partners, LLC v. Lenovo Grp., Ltd.,*
    No. W-21-cv-00122-ADA, 2021 WL 6205789 (W.D. Tex. Dec. 29, 2021)................3, 11, 13

*GreatGigz Sols., LLC v. Maplebear Inc.,*
    No. W-20-CV-00737-ADA, 2021 WL 4691145 (W.D. Tex. Oct. 6, 2021)..............................5

*GreatGigz Sols., LLC v. ZipRecruiter, Inc.,*
    W-21-CV-00172-ADA, 2022 WL 432558 (W.D. Tex. Feb. 11, 2022) ........................5, 6, 13

*IngenioShare, LLC v Epic Games, Inc.,*
    No. W-21-CV-00663-ADA, 2022 WL 827808 (W.D. Tex. Mar. 18, 2022)............4, 5, 10, 13

*Magnacoustics, Inc. v. Resonance Tech. Co.*, No. 97-1247,
    1997 WL 592863 (Fed. Cir. Sept. 25, 1997) (unpublished) ...................................................6

*Sightline Payments, LLC v. Everi Holdings Inc.,*
    No. 6:21-CV-01015-ADA, 2022 WL 2078215 (W.D. Tex. June 1, 2022) ..........................7, 8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC,*
    581 U.S. 258 (2017)..............................................................................................................3, 4

**Statutes**

28 U.S.C. § 1400(b) ........................................................................................................1, 3, 4

28 U.S.C. § 1406(a) ...........................................................................................................1, 3

Federal Rule of Civil Procedure 12 ......................................................................................1

This lawsuit cannot proceed against U.S. Bancorp and U.S. Bank National Association d/b/a Elan Financial Services ("U.S. Bank") (collectively, the "U.S. Bank Defendants") in this District. U.S. Bancorp is a Delaware corporation with its headquarters in Minneapolis, Minnesota. U.S. Bank is a banking association with its main office located in Cincinnati, Ohio. Neither U.S. Bancorp nor U.S. Bank own, lease, or operate any offices, retail locations, or buildings in this District. In short, the U.S. Bank Defendants do not reside in this District and do not have a regular and established place of business in this District.

In its Amended Complaint, Plaintiff Textile Computer Systems, Inc. ("Textile") asserts venue is proper based solely on allegations that the U.S. Bank Defendants employ seven individuals who provide services to customers located in this District or who, as remote employees, have chosen to make Austin or Dripping Springs, Texas their home. Even on their face, these allegations are insufficient. Controlling precedent requires more than the provision of services to customers or the presence of remote employees to qualify a district as a regular and established place of business of a defendant under 28 U.S.C. § 1400(b). The U.S. Bank Defendants have no address within this District, and Textile has identified none. While the U.S. Bank Defendants provide services to customers nationwide, including to customers within this District, they do so without having any regular and established place of business here.

This case cannot proceed against the U.S. Bank Defendants in this District. The statutory requirements of § 1400(b) are mandatory, not discretionary, and they are not met. U.S. Bancorp and U.S. Bank must be dismissed. 28 U.S.C. §§ 1400(b), 1406(a); Fed. R. Civ. P. 12(b)(3).

I.    **Textile added the U.S. Bank Defendants to an already pending lawsuit but failed to establish venue.**

Textile originally filed this lawsuit on October 12, 2021, asserting claims for patent infringement against only Southside Bank ("Southside"), a Texas bank that did not contest the propriety of this venue as to the claims asserted against it. (Dkt. Nos. 1, 66.) Although Textile knew, or should have known, before it filed the original Complaint that the credit cards accused of infringement were issued by U.S. Bank[1], Textile inexplicably waited more than a year—until after preliminary infringement and invalidity contentions, the Court's *Markman* hearing and Order, and initial fact discovery—to file an Amended Complaint seeking to add U.S. Bancorp and U.S. Bank as defendants to this action. (Dkt. No. 74.) Presumably Textile's decision to file suit against Southside (and various other Texas banks whose credit card offerings are actually provided by U.S. Bank), instead of against U.S. Bank in the first place, was a strategic one. But Textile's decision to do so does not relieve it of its obligation to establish proper venue in this District as against the U.S. Bank Defendants now that it seeks to pursue claims against them.

Textile's Amended Complaint contains a single paragraph—Paragraph 21—addressing the propriety of venue in this District as to the U.S. Bank Defendants. Paragraph 21 does not allege that either U.S. Bancorp or U.S. Bank reside in this District because they do not. (Dkt. No. 74 at ¶ 21; *see also*, *generally*, Dkt. No. 74.) Paragraph 21 also does not identify any address in this District alleged to be a regular and established place of business of U.S. Bancorp or U.S. Bank because there is no such place. (Dkt. No. 74 at ¶ 21; *see also*, *generally*, Dkt. No. 74.)

---

[1] The credit card section of the Southside website plainly states: "The creditor and issuer of these cards is Elan Financial Services, pursuant to separate licenses from Visa U.S.A. Inc., and Mastercard International Incorporated." (https://www.southside.com/visa-personal-credit-card/.)

Instead, Paragraph 21 incorrectly asserts that venue as to the U.S. Bank Defendants is proper under 28 U.S.C. § 1400(b) because "U.S. Bank has regular and established places of business in this district, including at least in Austin, Texas and Dripping Springs, Texas . . . ." (Dkt. No. 74 at ¶ 21.) As purported support for this assertion, Paragraph 21 includes excerpts from a webpage (https://mortgage.usbank.com/tx/austin), which identifies seven loan officers who provide services to customers in areas that include the Austin, Texas area—Arness Blakely, Haley Brown, Stephanie Dvorak, Tera Gilbert, Ben Gordon, James Berardi, and Steven Johnson (collectively the "Loan Officers"). (*Id.*) Paragraph 21 also contains snips of the LinkedIn pages of Haley Brown and Stephanie Dvorak, which suggest they reside in the Austin, Texas and Dripping Springs, Texas areas, respectively. (*Id.*) As explained herein, the presence of these remote employees in this District does not support venue in this District as to the U.S. Bank Defendants.

**II.    *TC Heartland* and its progeny set forth the applicable legal standard for establishing proper venue under 28 U.S.C. § 1400(b).**

A Court must "dismiss, or if it be in the interest of justice, transfer" a case if venue is improper. 28 U.S.C. § 1406(a). For a patent infringement case, venue is governed exclusively by 28 U.S.C. § 1400(b). Under § 1400(b), a claim for patent infringement must be brought "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). "Section 1400(b) is intentionally restrictive, and it is Plaintiff's burden to establish proper venue." *Gesture Tech. Partners, LLC v. Lenovo Grp., Ltd.*, No. W-21-cv-00122-ADA, 2021 WL 6205789, at *1 (W.D. Tex. Dec. 29, 2021).

The Supreme Court and the Federal Circuit have in recent years articulated the specific requirements that must be met to establish venue under § 1400(b). *See generally, TC Heartland*

*LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258 (2017); *In re Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017). This Court has recently summarized these requirements as follows:

> Under the first prong, the Supreme Court has held that 'a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute.' Under the second prong, the Federal Circuit interpreted a 'regular and established place of business' to impose three general requirements: '(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.' Failure to satisfy any statutory requirement requires a finding of improper venue. Furthermore, the Court must 'dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought' if Plaintiff is unable to establish proper venue.

*IngenioShare, LLC v Epic Games, Inc.*, No. W-21-CV-00663-ADA, 2022 WL 827808, at *1 (W.D. Tex. Mar. 18, 2022) (internal citations omitted).

Since the Supreme Court's decision in *TC Heartland*, the Federal Circuit and many district courts, including this Court, have had the opportunity to consider and address whether the presence of remote workers in a district is sufficient to establish venue under § 1400(b). In *Cray*, the Federal Circuit provided a list of factors relevant to assessing whether an employee's home office qualifies as a regular and established place of business *of the defendant*. These include (1) whether a defendant owns, leases, or rents any portion of its employees' homes, (2) whether a defendant played a part in selecting the place's location, storing inventory or conducting demonstrations there, (3) conditioning employment or support on the maintenance of a location in the district, and (4) marketing or advertisements that indicate that the defendant itself holds out the employee's home as a place for its business. *In re Cray*, 871 F.3d at 1363. Applying *Cray*, this Court has explained that "the regular and established place of business must be 'the place of the defendant'" and that "[a] work-from-home employee's residence is insufficient alone" to establish venue. *IngenioShare, LLC*, 2022 WL 827808, at *3 (finding venue improper and citing *Cray* as holding "[t]he statute clearly requires that venue be laid where 'the defendant has a regular and established

place of business,' not where the defendant's employee owns a home in which he carries on some of the work that he does for the defendant" and "[a]s the statute indicates, it must be a place of the defendant, not solely a place of the defendant's employee"). Even where having employees located within a particular district is crucial to a defendant's ability to provide services to its customers, an employee's home still does not constitute a place of business of the defendant. *GreatGigz Sols., LLC v. Maplebear Inc.*, No. W-20-CV-00737-ADA, 2021 WL 4691145, at *2 (W.D. Tex. Oct. 6, 2021).

This Court's decision in *GreatGigz Solutions, LLC v. ZipRecruiter, Inc.* is apt. There, in an effort to support venue, the plaintiff alleged that (1) the defendant had seventeen remote employees residing in this District and (2) the defendant advertised the fact that its employees lived in Austin. *GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, W-21-CV-00172-ADA, 2022 WL 432558, at *5 (W.D. Tex. Feb. 11, 2022). This Court rejected these arguments (and others) and found venue improper. In doing so, this Court noted that the defendant did not own or pay for the remote employees' homes; there was no evidence the defendant controlled the remote employees' homes; the defendant did not sell or distribute goods from, or store goods in, the remote employees' homes; and the defendant did not require the remote employees to live in the District. *Id.* Further, this Court explained that, although ZipRecruiter advertised that its employees lived in Austin and that remote positions with the company were available for Austin residents, those advertisements did not claim the employees' homes were ZipRecruiter's own place of business. *Id.* Here, the same facts warrant dismissing the U.S. Bank Defendants.

III.    **Venue is improper as to the U.S. Bank Defendants.**

Textile does not allege that the U.S. Bank Defendants reside in this District. (Dkt. No. 74 at ¶ 21; *see also*, *generally*, Dkt. No. 74.) The only question for the Court is whether the U.S. Bank Defendants have a regular and established place of business in this District.[2] They do not.

While Textile's venue allegations are generally directed to "U.S. Bank," which Textile's Amended Complaint uses to refer collectively to U.S. Bancorp and U.S. Bank (*id.* at introductory paragraph on p. 1, ¶ 21), venue is properly assessed separately as to each. *See AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 794 (S.D. Tex. 2012) ("[I]n actions involving . . . multiple defendants, the plaintiff has the burden of showing that the chosen venue is proper as to . . . each defendant."); *see also Magnacoustics, Inc. v. Resonance Tech. Co.*, No. 97-1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997) ("[I]n an action involving multiple defendants venue . . . requirements must be met as to each defendant.") (unpublished).

A.    **Venue is improper as to U.S. Bancorp—it has no regular and established place of business in this District.**

There can be no reasonable dispute that venue is improper in this District as to U.S. Bancorp. None of the seven individuals identified in the Amended Complaint as providing services to customers or residing in this District are employed by U.S. Bancorp. (Declaration of Peter A. Schram ("Schram Decl.") at ¶ 8.) U.S. Bancorp is a Delaware corporation, with a principal place of business in Minneapolis, Minnesota. (*Id.* at ¶ 3; *see also*, Declaration of Paige S. Stradley ("Stradley Decl.") at Ex. 1, pp 1-2.) U.S. Bancorp does not own, lease, or operate any offices, retail

---

[2] The U.S. Bank Defendants do not concede that they have committed acts of infringement in this District, but, for the purposes of this motion only, the U.S. Bank Defendants do not dispute this prong of the analysis and, instead, seek dismissal based on the absence of a "regular and established place of business" in this District.

locations, or buildings in this District. (Declaration of Todd M. Shipman ("Shipman Decl.") at ¶ 4.) U.S. Bancorp has no employees who reside in this District. (*Id.* at ¶ 3.) Venue over U.S. Bancorp is not proper in this District, and U.S. Bancorp must be dismissed.

To the extent Textile seeks to use the activities of U.S. Bank to support venue as to U.S. Bancorp, it has not satisfied its burden to do so. To impute the activities of U.S. Bank onto U.S. Bancorp, Textile would have to overcome the strong presumption of institutional independence by showing that the lines between the two have become so blurred that two become one. *Sightline Payments, LLC v. Everi Holdings Inc.*, No. 6:21-CV-01015-ADA, 2022 WL 2078215, at *4 (W.D. Tex. June 1, 2022); *Blue Spike, LLC v. Nook Dig., LLC*, No. 6:16-CV-1361-RWS-JDL, 2017 WL 3263871, at *3 (E.D. Tex. July 28, 2017) ("[S]o long as a formal separation of entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other."). This "alter ego" doctrine applies only "when there is such unity between the parent corporation and its subsidiary that the separateness of the two corporations has ceased and holding only the subsidiary corporation liable would result in injustice." *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 593 (5th Cir. 1999) ("[T]here must be evidence of complete domination by the parent.").

Textile has failed to allege any facts capable of demonstrating that U.S. Bank is the alter ego of U.S. Bancorp such that it would be appropriate to impute the actions of U.S. Bank to U.S. Bancorp here. (Dkt. No. 74 at ¶¶ 12-15, 21.) Indeed, the U.S. Bank Defendants operate as separate, but affiliated, entities, and observe corporate formalities, including maintaining separate financial statements and accounting records. (Schram Decl. at ¶ 6.) Further, U.S. Bank is not under-funded, and it finances itself, obtains its own business, and pays its own salaries and expenses. (*Id.* at ¶ 7.) There is no basis to find that U.S. Bancorp and U.S. Bank are one and the same; rather, the two

entities' activities are consistent with a parent and subsidiary relationship. *Sightline Payments, LLC*, 2022 WL 2078215, at *4 ("[A]ctivities consistent with the parent's and subsidiary's relationship should not give rise to a finding of an alter ego.").

Regardless, because the activities alleged to support venue as to U.S. Bank are insufficient, as explained below, such activities would fail to support venue as to U.S. Bancorp even if they could be imputed.

**B.     Venue is improper as to U.S. Bank—it has no regular and established place of business in this District.**

U.S. Bank is a U.S. national banking association, with its main office in Cincinnati, Ohio. (Schram Decl. at ¶ 4.) U.S. Bank does not own, lease, or operate any offices, retail locations, or buildings in this District. (Shipman Decl. at ¶ 4.) Textile has identified no physical address of U.S. Bank in this District. (*See generally*, Dkt. No. 74.)

Further, Textile's misplaced focus on seven remote employees of U.S. Bank does not establish that U.S. Bank maintains a regular and established place of business in this District. (Dkt. No. 74 at ¶ 21.) U.S. Bank has over 58,000 employees in the United States but does not solicit employees specifically to work in this District. (Shipman Decl. at ¶¶ 3, 5.) U.S. Bank does not dispute that the seven individuals identified by Textile–Arness Blakely, Haley Brown, Stephanie Dvorak, Tera Gilbert, Ben Gordon, James Berardi, and Steven Johnson—provide services to customers, or reside, in this District. But application of the factors articulated by the Federal Circuit in *Cray* confirms that the homes of these remote Loan Officers are not places of business *of U.S. Bank*, and therefore they cannot support venue in this District as to U.S. Bank.

1.      **U.S. Bank does not own, lease, or rent any portion of the Loan Officers' homes.**

U.S. Bank does not own, lease, or rent any portion of the homes of the employees located in this District, including the Loan Officers. (*Id.* at ¶ 7.) Further, U.S. Bank does not otherwise have any ownership interest in or possession or control over the homes of employees located in this District, including the Loan Officers' homes. (*Id.*) This weighs against finding venue proper.

2.      **U.S. Bank did not play a part in selecting the location of these Loan Officers' homes and does not store inventory or conduct demonstrations there.**

Although the Loan Officers do reside in this District, U.S. Bank had no role in selecting where those Loan Officers live. (Schram Decl. at ¶¶ 8-9.) The choice to live in this District and where to live in this District is the Loan Officers', not U.S. Bank's. (*Id.*)

Moreover, U.S. Bank's business is financial services; it is not in the business of offering for sale or selling physical products to consumers. (Shipman Decl. at ¶ 8.) Given that U.S. Bank is in the financial services business, it has no need to and does not store inventory or supplies at the Loan Officers' homes nor does it conduct demonstrations at these employees' homes. (*Id.*) Unlike the defendant in *Bel Power Sols., Inc. v Monolithic Power Sys., Inc.*, No. 6:21-CV-655-ADA, 2022 WL 2161056, at *3 (W.D. Tex. June 15, 2022), which provided lab equipment to conduct tests for in-district customers, U.S. Bank does not provide its Loan Officers with any equipment "which is not typically found in a generic home office." There is no evidence to suggest that U.S. Bank held out these Loan Officers' homes as a regular and established place of business of U.S. Bank. *E.g.*, *In re Cray*, 871 F.3d at 1364; *Celgene Corp. v. Mylan Pharma. Inc.*, 17 F.4th 1111, 1123-24 (Fed. Cir. 2021) (finding venue improper where defendant allowed employees to work from district but there was no indication that defendant owned, leased, or rented their homes,

played a part in selecting the homes' location, stored inventory or conducted demonstrations there, or conditioned employment or support on maintaining a home in the district).

### 3.    U.S. Bank does not condition employment or support of the Loan Officers on the maintenance of a location in this District.

The Loan Officers in this District were not hired on the condition that they live in or near this District nor is their continued employment with U.S. Bank, or support by U.S. Bank, conditioned on them maintaining a home or presence in this District. (Schram Decl. at ¶¶ 8-9; Shipman Decl. at ¶ 6.) Rather, each of the Loan Officers in this District is free to reside where they please and may move to a home outside of this District if they desire. (Schram Decl. at ¶¶ 8-9.) Moreover, although these Loan Officers provide services to customers in the Austin area, they can produce and service loans anywhere in the United States. (*Id.* at ¶ 10.) U.S. Bank's remote employees are permitted to reside in one geographic area but provide services to customers in a different geographic area and, similarly, may be located in one geographic area yet report to management in a different geographic area. (Shipman Decl. at ¶ 6.) For example, Haley Brown— one of the Loan Officers identified in the Amended Complaint—provides services to customers located not just in the Austin area but also to customers in Florida. (Dkt. No. 74 at ¶ 21.) The Loan Officers need not reside in this District to do their job, and customers in this District can be serviced by employees who reside in any geographic area. (Schram Decl. at ¶ 10.)

Because the Loan Officers can relocate and move freely to any geographic area of their choosing, their homes are not a regular and established place of business *of U.S. Bank*. *See Celgene Corp.*, 17 F.4th at 1123 (ability to move out of district cuts against employee's home being considered a place of business of defendant); *IngenioShare, LLC*, 2022 WL 827808, at *4 (the ability of employees to relocate and work remotely outside of this District weighed against a finding of proper venue); *Correct Transmission LLC v. ADTRAN, Inc.*, No. 6:20-CV-00669-ADA,

2021 WL 1967985, at *4 (W.D. Tex. May 17, 2021) (finding defendant did not ratify employees' home as a place of business where employee chose to live in this District but was not required to do so by defendant); *Gesture Tech. Partners, LLC*, 2021 WL 6205789, at *2 (finding reimbursement policy did not support a finding of a regular and established place of business where reimbursement for home offices was not conditioned on employees living in this District).

> **4.      U.S. Bank does not market or advertise the Loan Officers' homes as its place of business.**

U.S. Bank does not market or advertise the Loan Officers' homes as its place of business. (Shipman Decl. at ¶ 9.) The website excerpts included in Textile's Amended Complaint do not suggest otherwise. The website does not identify any physical address, office, or location of U.S. Bank in this District that customers can visit. Instead, it notes that there are loan ***officers***, not ***offices***, in the Austin area. And, instead of providing the addresses of those officers, the website notes only that their "area served" is or includes Austin, Texas. For example:





**Examples of Website Excerpts Identified in Amended Complaint (Annotated in Red)**

(Dkt. No. 74 at ¶ 21 (annotations added).)

As the website excerpts included and referenced in Textile's Amended Complaint confirm, U.S. Bank provides services to customers in the Austin, Texas area, but it does not have any physical place of business in this District. Having employees who live, and provide services to

13

customers, in this District is not enough. Even in *Celgene*, where the defendant printed business cards with the names and actual home addresses of its employees in the district, the Federal Circuit held there was insufficient physical presence by the defendant to support venue. *Celgene*, 17 F.4th at 1123; *see also GreatGigz Sols., LLC*, 2022 WL 432558, at \*5 (finding defendant did not hold itself out as having a location in this District despite advertising that its employees lived in District); *Gesture Tech. Partners, LLC*, 2021 WL 6205789, at \*3 (finding defendants' advertisement on their website of LinkedIn profiles of employees residing in this District insufficient to establish a regular and established place of business of the defendants). Here, U.S. Bank does not identify or provide its Loan Officers' home addresses and, consistent with *GreatGigz Solutions*, their homes cannot be deemed a regular and established, physical place of business of U.S. Bank.

Textile has failed to satisfy any of the four factors identified in *Cray*, and venue is improper in this case as to U.S. Bank.

**IV.    Conclusion**

Textile's "arguments are not new. Time and again, this Court has rejected remote employees as a basis for establishing venue under similar facts." *IngenioShare, LLC*, 2022 WL 827808, at \*2; *see also*, *e.g.*, *GreatGigz Sols., LLC*, 2022 WL 432558, at \*4-6 (granting motion to dismiss for improper venue). The Court should do the same here.

Dated: November 3, 2022                    Respectfully submitted,

                                           /s/ *Paige Stradley*
                                           Michael C. Smith
                                           SCHEEF & STONE, LLP
                                           113 East Austin St.
                                           Marshall, TX 75670
                                           Telephone: (903) 938-8900
                                           michael.smith@solidcounsel.com

                                           Paige Stradley (*pro hac vice*)
                                           Rachel Zimmerman Scobie (*pro hac vice*)
                                           Jeffrey Blake (*pro hac vice*)
                                           MERCHANT & GOULD P.C.
                                           150 S. Fifth Street, Suite 2200
                                           Minneapolis, MN 55402
                                           pstradley@merchantgould.com
                                           rscobie@merchantgould.com
                                           jblake@merchantgould.com

                                           *Attorneys for U.S. Bancorp and U.S. Bank National
                                           Association*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).   As such, this document was served on all counsel who have consented to electronic service on November 3, 2022.

By: <u>*/s/ Jeremy Miller*</u>